IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Doe, ) | Civil Action No. 2:22-01702-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Medical University of South Carolina, ) | |
| Medical University of South Carolina ) | |
| Department of Diversity, Equity, & ) | |
| Inclusion, Medical University of South ) | |
| Carolina College of Medicine, Willette S. ) | |
| Burnham-Williams, Stephanie T. Price, ) | |
| Donna H. Kern, Myra Haney-Singleton, ) | |
| and Raymond N. Dubois, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff John Doe, proceeding *pro se*, filed this civil action on May 31, 2022. (Dkt. No. 1.) Plaintiff alleges that he was improperly dismissed from Defendant Medical University of South Carolina College of Medicine on account of mental health issues he experienced following a traumatic brain injury. (*See generally id*.) More specifically, Plaintiff claims he suffered from Major Depressive Disorder that prevented him from fulfilling certain program requirements, and that Defendant Medical University of South Carolina College of Medicine failed to provide guidance and make appropriate accommodations for him. (*See generally id*.)

Plaintiff brings fourteen causes of action, including: (1) a "Regarded As" claim under the Rehabilitation Act of 1973 (the "Rehabilitation Act"); (2) disability discrimination in violation of the Rehabilitation Act; (3) a Fourteenth Amendment equal protection claim; (4) due process claims under the Fifth and Fourteenth Amendments; (5) equal protection and due process claims under 42 U.S.C. § 1983; (6) disability discrimination in violation of the Americans with Disabilities Act

1

(the "ADA"); (7) a claim for violation of Title II of the ADA; (8) a state law breach of implied covenant of good faith and fair dealing claim; (9) a state law intentional infliction of emotional distress claim; (10) a state law breach of contract claim; (11) a state law fraud claim; (12) a state law gross negligence claim; (13) a state law claim for breach of fiduciary duties; and (14) a state law civil conspiracy claim. (Dkt. No. 1 at 16–33.)

Currently before the Court is Plaintiff's Motion for Leave to Proceed Under a Pseudonym. (Dkt. No. 10.) Defendants responded in opposition to Plaintiff's motion on December 6, 2022. (Dkt. No. 22.) Plaintiff replied to the response on December 14, 2022. (Dkt. No. 23.) Accordingly, the motion has been fully briefed and is ripe for disposition.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the reasons set forth below, the undersigned **ORDERS** that Plaintiff's motion be **DENIED**.

## DISCUSSION

### I.     Legal Standard

To preserve the public's interest in judicial proceedings, there is a general presumption that an action should be prosecuted in the names of the real parties involved. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Federal Rules of Civil Procedure require that the identities of parties to a case be disclosed. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."); Fed. R. Civ. P. 17(a) (requiring that an action "be prosecuted in the name of the real party in interest"). As such, when a party seeks to litigate under a pseudonym, the Court must "ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity

would pose to the opposing party." *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). In making this determination, the Court should consider:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238. The Court must consider these factors alongside all the circumstances of a case to decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns. *See Doe v. Alger*, 317 F.R.D. 37, 39–40 (W.D. Va. 2016).

Courts have found extraordinary circumstances and allowed pseudonyms in cases involving abortion, birth control, transsexuality, serious mental illness, illegitimate children, HIV/AIDS, and homosexuality. *See Roe v. CVS Caremark Corp.*, No. 4:13-cv-3481-RBH, 2014 WL 12608588, at *2 (D.S.C. Sept. 11, 2014) (referencing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); *Richard S. v. Sebelius*, No. 3:12-cv-0007-TMC, 2012 WL 1909344, at *2 (D.S.C. May 25, 2012)). Still, "[c]ases involving mental health issues routinely proceed without concealing the identity of the Plaintiff." *Id*. (collecting cases).

**II.     Analysis**

Upon considering the *James* factors and the overall circumstances of this case, the undesigned finds that the circumstances here do not justify Plaintiff proceeding pseudonymously. The undersigned therefore recommends that Plaintiff's motion be **DENIED**.

First, the undersigned must consider whether the justification asserted by Plaintiff is to avoid annoyance and criticism or is to preserve privacy in a matter of sensitive and highly personal nature. *James*, 6 F.3d at 238. As to this factor, Plaintiff argues that this litigation requires him to

disclose "numerous utmost intimate medical problems both medical and psychological." (Dkt. No. 10 at 2.) Defendants do not dispute that this information is sensitive and highly personal. (*See generally* Dkt. No. 22.) Rather, Defendants argue that "Plaintiff has already filed two lawsuits against Defendants under his real name, and litigated one through dispositive motions. Plaintiff's identity, and his real name has already appeared multiple times in the public record concerning the claims brought in this case by Plaintiff against these Defendants." (*Id*. at 4) (emphasis in original). Defendants contend that Plaintiff "cannot now claim the need for protection in the third iteration of this suit based on an alleged concern [for] privacy." (*Id*. at 5.) In reply, Plaintiff states that "it is true Plaintiff has previously filed in state court," but seems to assert that this should not impact his request to proceed pseudonymously in federal court. (Dkt. No. 23 at 3.) Plaintiff reiterates that "[n]othing is more personal to an individual suffering from medical conditions than his or her protected medical information." (*Id*.)

Based on these arguments, the undersigned finds that the first *James* factor weighs in Plaintiff's favor, but only slightly. While the undersigned recognizes that Plaintiff's purported medical and psychological conditions are indeed sensitive and personal, the fact that many—if not all—of these issues were previously disclosed in state court cuts against Plaintiff's alleged need to preserve his privacy here. *See CVS Caremark Corp.*, 2014 WL 12608588, at *3 (noting that plaintiff's admission that he had revealed his identity and confidential medical information to defendants cast doubt on the plaintiff's purported need to preserve his privacy). Indeed, Plaintiff fails to specify why his federal lawsuit implicates greater privacy concerns than his state court cases. (*See generally* Dkt. Nos. 10, 23.) Moreover, Plaintiff may, to the extent necessary, prevent the public release of medical records or particularly private information by filing a motion under Federal Rule of Civil Procedure 26(c) and/or District of South Carolina Local Civil Rule 5.03;

4

proceeding pseudonymously is not the only avenue by which Plaintiff can protect sensitive information.

With respect to the second *James* factor— whether identification poses a risk of retaliatory physical or mental harm to Plaintiff or to innocent non-parties—the undersigned finds that this factor weighs against pseudonymity. As noted, Plaintiff admits that he has filed similar cases in state court, and that Defendants are aware of his identity. (*See generally* Dkt. No. 23.) Accordingly, a pseudonym would serve little purpose in preventing retaliatory conduct. *See CVS Caremark Corp.*, 2014 WL 12608588, at *3 (explaining that a pseudonym was useless in preventing retaliation where defendants could readily determine the plaintiff's identity from the allegations in the complaint).

Further, Plaintiff's primary concern with keeping his identity private seems to be the impact this litigation will have on his future career prospects and professional relationships, not the potential for retaliatory physical or mental harm. (Dkt. No. 10 at 2; Dkt. No. 23 at 3–4.) While the undersigned is sympathetic to Plaintiff's situation, speculative reputational or economic harm is not equivalent to fear of retaliatory physical or mental harm. *See Pub. Citizen*, 749 F.3d at 274 (noting that courts consistently reject anonymity requests to prevent speculative and unsubstantiated claims of reputational or economic harm).

As to Plaintiff's contention that "[i]dentification poses [a] risk of mental harm to the Plaintiff and innocent non-parties" because "[n]oone other than Plaintiff's physician's knows of his conditions, not even his family," the undersigned finds this concern does not outweigh the considerations outlined above. The undersigned again sympathizes with Plaintiff, but reiterates that Plaintiff's identity is already tied to the claims raised in his state court cases—claims that Plaintiff does not dispute are substantially similar to those raised here. (*See generally* Dkt. Nos.

5

10, 23.) As such, pseudonymity in this case does nothing to prevent retaliatory physical or mental harm.

Moving on to the third *James* factor, Plaintiff's age also cuts against pseudonymity. Plaintiff is not a minor entitled to special protection based on age. *A.T.P. v. MTR Hotels LLC*, No. 6:21-cv-647-TMC, 2021 WL 5772826, at *2 (D.S.C. Mar. 12, 2021) ("The third factor weighs against Plaintiff, because Plaintiff is not a minor and, therefore, does not warrant special protection based solely on her age."). To the extent Plaintiff is concerned about "medical information [that] may contain[] highly sensitive, intimate, and confidential information [from] when he was a minor," the undersigned reiterates that Plaintiff may request that particularly private medical information be sealed or protected. (*See supra* at 4.)

The fourth *James* factor weighs in favor of disclosing Plaintiff's identity. "The Fourth Circuit has acknowledged an even greater public interest in disclosing party identities where the litigation involves a governmental agency." *A.T.P.*, 2021 WL 5772826, at *2 (quoting *CVS Caremark Corp.*, 2014 WL 12608588, at *3). While not all Defendants in this case are governmental entities, several are (*i.e.*, Medical University of South Carolina; Medical University of South Carolina Department of Diversity, Equity, & Inclusion; Medical University of South Carolina College of Medicine). Regardless, "the mere fact that [a] litigation involves private parties does not mean that proceeding under a pseudonym is automatically favored." *CVS Caremark Corp.*, 2014 WL 12608588, at *3.

As to the risk of unfairness to Defendants in allowing this action to proceed pseudonymously, the risk is minimal. Defendants claim that allowing Plaintiff to proceed under a pseudonym would be prejudicial because "any future student aggrieved by the school's disciplinary action could bring suit against MUSC and [the College of Medicine] for same without

6

having their identities revealed" and "[a] litany of meritless lawsuits against MUSC and [the College of Medicine] would undoubtedly harm Defendants['] reputation as an important medical institution in this state." (Dkt. No. 22 at 8.) Though the undersigned agrees that meritless lawsuits could impact the reputations of the Defendants, the undersigned does not see how Plaintiff proceeding under a pseudonym in this case would increase the likelihood of any such meritless litigation.

Regardless, on balance, the *James* factors weigh against Plaintiff proceeding under a pseudonym. As district courts have previously noted, "it is reasonable to expect the person invoking the Court's jurisdiction to set aside some of his privacy. Many statutes, such as the ADA [. . .] require a plaintiff to set aside his [] privacy and disclose information that he [] may otherwise wish to keep confidential." *CVS Caremark Corp.*, 2014 WL 12608588, at *4 (D.S.C. Sept. 11, 2014) (quoting *Davenport v. Sugar Mountain Retreat, Inc.*, No. 09-CV-0535-CVE-TLW, 2009 WL 3415240, at *3 (N.D. Okla. Oct. 16, 2009)). This case simply does not present the type of "exceptional circumstances" or "compelling concerns relating to personal privacy or confidentiality" that warrant pseudonymity. *Pub. Citizen*, 749 F.3d at 274. The undersigned therefore denies Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, this Court **ORDERS** that Plaintiff's Motion for Leave to Proceed Under a Pseudonym (Dkt. No. 10) be **DENIED**.

**IT IS SO ORDERED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 19, 2022
Charleston, South Carolina