# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JEFFREY MARTIN DELONG, | C/A No. 2:22-CV-1702-BHH-MGB |
| PLAINTIFF, | |
| vs. | **REPORT AND RECOMMENDATION** |
| MEDICAL UNIVERSITY OF SOUTH CAROLINA, *et al.*, | |
| DEFENDANTS. | |

Plaintiff, appearing *pro se*, filed this action alleging that he was improperly dismissed from Defendant Medical University of South Carolina College of Medicine on account of mental health issues he experienced following a traumatic brain injury. On December 20, 2022, Defendants filed a Motion to Dismiss. (Dkt. No. 26.) On December 21, 2022, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 27.) On January 19, 2023, Plaintiff moved for an extension of his response deadline in order to "seek out appropriate legal representation." (Dkt. No. 29.) The Court granted Plaintiff's Motion and extended Plaintiff's response deadline to February 23, 2023. The Court cautioned Plaintiff that "he cannot rely on a failure to obtain counsel as a reason to further extend this deadline." (Dkt. No. 30.) Plaintiff has still failed to respond to Defendant's motion.

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

    IT IS SO RECOMMENDED.

February 28, 2023

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).